UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-80182-CR-ROSENBERG

**UNITED STATES OF AMERICA**

vs.

**DAVID SHTEINBERG,**

    **Defendant.**

_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR A DOWNWARD DEPARTURE AND VARIANCE**

    The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits this response to the defendant David Shteinberg's ("defendant") Motion for a Downward Departure and Downward Variance. The Government respectfully requests that this Court deny the defendant's motion, and sentence the defendant at the low end of United States Sentencing Guidelines ("U.S.S.G.") advisory guideline range of 70-87 months' imprisonment providing a sentence sufficient but not greater than necessary (The government does not oppose any of the defendant's objections to the PSI). In support thereof, the government provides the following:

**Introduction**

    The § 3553(a) factors, including, the nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment warrant a sentence within the advisory guideline range of 70-87 months' imprisonment.

    In sentencing, the Court must make an individualized assessment of the defendant and consider the need for the sentence imposed to promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. 18

U.S.C. § 3553(a)(1), (a)(2)(A)-(C). The Court must also consider, among other factors, the nature and circumstances of the offense, the seriousness of the offense, and the need to provide just punishment for it. 18 U.S.C. § 3553(a)(1), (a)(2)(A); *United States v. Rosales-Bruno*, 789 F.3d 1249, 1253-54 (11th Cir. 2015) (citing 18 U.S.C. § 3553(a)(2)).

"The district court must treat the Guidelines as the starting point and the initial benchmark in selecting a sentence." *United States v. Vazquez*, 775 F.App'x 660, 662 (11th Cir. 2019) (quotation marks omitted). "The Guidelines are not only the starting point for most federal sentencing procedures but also the lodestar." *Id*. "A district court may impose a variance if it determines that the case at hand falls outside the 'heartland' to which the Commission intends individual Guidelines to apply, perhaps because the Guidelines sentence itself fails properly to reflect § 3553(a) considerations, or perhaps because the case warrants a different sentence regardless." *United States v. Sotolongo*, 343 F.App'x 482, 483 (11th Cir. 2009).

## Nature and Circumstances of the Offense

The nature and circumstances of the offense demonstrate that the defendant engaged in the distribution of significant quantities crystal methamphetamine on multiple occasions. The defendant has a significant role in the conspiracy and was involved in the distribution of multiple pounds of crystal methamphetamine. Moreover, the defendant may have purchased some crystal methamphetamine for personal use, but he did so in conjunction with conspiring to distribute significant quantities of crystal methamphetamine to other individuals.

## To Reflect the Seriousness of the Offense

The seriousness of this offense cannot be understated. The defendant engaged in the distribution of a highly addictive and, at times lethal, narcotic on multiple occasions. As detailed

below, methamphetamine overdoses continue to rise and are the second leading cause of drug-involved overdoses ranking only behind fentanyl.[1]

Figure 2. National Drug-Involved Overdose Deaths*, Number Among All Ages, 1999-2021

*Includes deaths with underlying causes of unintentional drug poisoning (X40–X44), suicide drug poisoning (X60–X64), homicide drug poisoning (X85), or drug poisoning of undetermined intent (Y10–Y14), as coded in the International Classification of Diseases, 10th Revision. Source: Centers for Disease Control and Prevention, National Center for Health Statistics. Multiple Cause of Death 1999-2021 on CDC WONDER Online Database, released 1/2023.

Furthermore, recent studies indicate that fentanyl is being used in conjunction with methamphetamine.[2] The director of a recent study concluded, "Methamphetamine is more potent, more pure and probably cheaper than it's ever been at any time in this country." *Id*. The government recognizes the defendant's role in the conspiracy and that he was not a leader or organizer, but nonetheless the defendant's involvement included the distribution of a highly addictive, and at times lethal, narcotic on multiple occasions.

<u>To Promote a Respect for the Law and a Just Punishment</u>

A sentence at the low end of the advisory guideline range of 70-87 months' imprisonment will promote a respect for the law and provide a just punishment. To arrive at an appropriate sentence, the district court must consider all of the applicable § 3553(a) factors. *United States v.*

---

[1] https://nida.nih.gov/research-topics/trends-statistics/overdose-death-rates
[2] America's addiction crisis: It's not just fentanyl. These drugs play a growing role; https://www.usatoday.com/story/news/health/2024/02/21/methamphetamine-plays-increasing-role-in-addiction-crisis/72661430007/

3

*Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). That does not mean, however, that it must give all of the § 3553(a) factors equal weight. Instead, the sentencing court "is permitted to attach 'great weight' to one factor over others." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 57 (2007)).

The defendant argues that his age, health, substance abuse, record of good prior works, education, employment, immigration status and the need to avoid unwarranted sentencing disparities warrant a downward departure or a downward variance (*See* DE: 398).

<u>The Defendant's Age, Physical Condition and Substance Abuse Are Not Proper Bases for a Downward Departure or Variance</u>

The defendant argues that his age, physical conditions and substance abuse warrant a departure under U.S.S.G. §§ 5H1.1 and 5H1.4.

"Age may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient." U.S.S.G. § 5H1.1. "First, the Commission reviewed existing literature on age and offending. Researchers most frequently use 50 years of age or older to define the term "older" offenders. Though other ages have been used in the literature, such as 65, this age is typically used when discussing "elderly" offenders, as opposed to older offenders."[1] Here, while the defendant is older, he is not elderly as consider in U.S.S.G. § 5H1.1.

Furthermore, the defendant asserts that his physical condition and substance abuse warrant a departure under U.S.S.G. § 5H1.4. "Physical condition …may be relevant in determining whether a departure is warranted, if the condition…is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines." U.S.S.G. § 5H1.4. "Roughly 40 percent of older offenders had a physical disability prior to arrest for the instant offense."[2] The defendant does appear to suffer from a variety of aliments; however,

---

[1] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220726_Older-Offenders.pdf
[2] https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220726_Older-Offenders.pdf

not "to an unusual degree" that would distinguish him from similarly situated defendants. Lastly, the defendant's substance abuse issues are not a proper basis to depart or vary from the guidelines. "Drug or alcohol dependence or abuse ordinarily is not a reason for a downward departure. Substance abuse is highly correlated to an increased propensity to commit crime." U.S.S.G. § 5H1.4. The defendant may have engaged in the distribution of crystal methamphetamine for personal use, but he also did so for profit and distributed multiple pounds of crystal methamphetamine of multiple occasions.

### The Defendant's Prior Military Service and Prior Good Works Are Not Proper Bases for a Downward Departure or Variance

The defendant argues that his military service and prior good works warrant a downward departure or variance. "Military service may be relevant in determining whether a departure is warranted, if the military service…is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines." U.S.S.G. § 5H1.11. First, the defendant's military service while admirable is not a proper reason to depart from the guidelines. "[S]entence reductions for military service are so discouraged that the Fifth Circuit held that even a defendant who received two purple hearts and a distinguished flying cross did not present such extraordinary circumstances as to require departure on the basis of this individual characteristic." *Onyekaba v. United States*, 2015 U.S. Dist. LEXIS 135433 at 9 (N. D. Ga. 2015) (citing *United States v. Peters*, 978 F.2d 166, 171 (5th Cir. 1992)). Here, the defendant's service in the Israeli Defense Force is present to an unusual degree to distinguish it from the typical cases. Second, as for the defendant's prior good works, U.S.S.G. § 5H1.11 provides, "prior good works are not ordinarily relevant in determining whether a departure is warranted."

### The Defendant's Educational Background and Employment Record Are Not Proper Bases for a Downward Departure or Variance

The defendant argues that he educational background and employment record serve as reasons for a downward departure or variance. Educational background and employment records "are not ordinarily relevant in determining whether a departure is warranted." U.S.S.G. §§ 5H1.2; 5H1.5. The defendant has not set forth

5

any facts regarding his educational background or employment that would warrant a downward departure or variance.

<u>The Defendant's Immigration Status and Collateral Consequences of Conviction Are Not Proper Bases for a Downward Departure or Variance</u>

The defendant argues that the Court should consider the defendant's likely deportation following his sentence. In *United States v. Thompson*, the defendant argued that the district court failed to give consideration to his background, including his likely deportation. *United States v. Thompson*, 395 Fed. Appx. 540, 542 (11th Cir. 2010). The Eleventh Circuit disagreed and explained, "we have noted, albeit in the similar context of downward departures, that we are not aware of any case in which we have upheld a downward departure upon collateral consequences related directly or indirectly to the defendant's status as an alien." *Id*. Here, the Court should not consider the collateral consequences of the defendant's conviction when considering a sentence.

<u>An Advisory Guideline Sentence Would Not Create an Unwarranted Sentencing Disparity</u>

The defendant argues that a downward variance is warranted to avoid unwarranted sentencing disparities. The defendant states that the majority of similarly situation defendants received downward variances; however, there is no unwarranted disparity when considering the average sentence and the defendant's advisory guideline range. 74 months' imprisonment was the average sentence for a defendant with a criminal history category I and who was convicted in the Southern District of Florida for methamphetamine trafficking.[3] Here, a sentence at the low end of defendant's advisory guideline range, 70 months' imprisonment, would be below the average sentence of similarly situated defendants. Thus, an advisory guideline sentence would not create an unwarranted disparity among similar defendants. Lastly, under § 3353(a), the history and characteristics of the defendant must be weighed against the other factors.  As such, the Court should place much greater weight on the nature and circumstances of the offense, the seriousness of the offense and the need for the sentence to promote respect for the law rather than the defendant's

---

[3] https://ida.ussc.gov/analytics/saw.dll?Dashboard

history and characteristics.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court deny the defendant's motion for a downward departure/variance and sentence the defendant to a term of imprisonment at the low end of the advisory guideline range of 70-87 months' imprisonment.

                                               Respectfully submitted,
                                               MARKENZY LAPOINTE
                                               UNITED STATES ATTORNEY

BY:  _____
          Brian D. Ralston
          Assistant United States Attorney
          Court ID No. A5502727
          500 South Australian Avenue, Suite 500
          West Palm Beach, Florida 33401
          Tel: (561) 209-1068
          Email: brian.ralston@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Brian Ralston*
BRIAN D. RALSTON
Assistant United States Attorney

## SERVICE LIST

**United States of America v. Williams, et al.**
**Case No. 23-CR-80182-RLR**
**United States District Court, Southern District of Florida**

| |
|---|
| **Brian Ralston**<br>U.S. Attorney's Office<br>500 S. Australian Avenue, Suite 400<br>West Palm Beach, Florida 33401<br>561-820-8711<br>Brian.Ralston@usdoj.gov<br>Attorney for USA |
| **Brian Balaguera**<br>Brian Balaguera Law Firm, P.A.<br>500 S. Australian Ave<br>Suite 105<br>West Palm Beach, FL 33401<br>561-414-8016<br>Mylawyer19@yahoo.com<br>Attorney for Shteinberg |